|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |
| | |
| JUAN R. MELÉNDEZ-FEBUS, et al., | |
| Plaintiffs, | Civil No. 08-1702 (JAF) |
| v. | |
| TOYOTA CREDIT DE PUERTO RICO CORP., et al., | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiffs, Juan Meléndez-Febus, Janice Rivera-Santiago, and the conjugal partnership between them, bring this action against Defendants, Toyota Credit de Puerto Rico Corp. ("Toyota Credit"), Isla Repossessions & Collections, Inc. ("Isla"), Marcos Juarbe-Torres, MAPFRE Puerto Rico ("Mapfre"), an unknown bank, and ten unknown defendants.[1] (Docket No. 1.) Plaintiffs allege illegal communications, unfair and unconscionable collection methods, and the use or threat of use of violence in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o, and tortious conduct in breach of Puerto Rico law. (Id.) Toyota Credit asserts cross-claims against Isla and Mapfre for indemnification

---

[1] Plaintiffs' complaint named an unknown insurance company as defendant. (Docket No. 1.) Toyota Credit filed a cross-claim against MAPFRE PRAICO Corporation and MAPFRE PRAICO Insurance Company, alleging that these two entities were the intended insurance company. (Docket No. 30.) These two cross-claim defendants have appeared in this case under the name of MAPFRE Puerto Rico. (Docket No. 43.)

under Puerto Rico law (Docket No. 30) and moves for partial summary judgment under Federal Rule of Civil Procedure 56(c) (Docket No. 50). Plaintiffs oppose the motion (Docket No. 62), Toyota Credit replies (Docket No. 69), and Isla and Mapfre respond (Docket No. 64). Isla and Mapfre Puerto Rico also oppose the motion (Docket No. 56), and Toyota Credit replies (Docket No. 63).

# I.

## **Factual and Procedural Synopsis**

We derive the following facts from the parties' motions, statements of uncontested material facts, and exhibits. (Docket Nos. 50, 51, 56, 62, 63, 64, 69.) Unless otherwise noted, the facts are undisputed.

On July 19, 2006, Meléndez-Febus and Toyota Credit formed a retail installment sales contract (the "financing agreement") in Caguas, Puerto Rico, for the purchase of a certain 2005 Toyota Echo (the "car"). (Docket Nos. 51-2, 55-2.) The financing agreement provided the notice that "the secured creditor shall have the right to possession of the liened [sic] property upon default, without initiating a legal proceeding." (Id.) Toyota Credit registered the car's title with the Puerto Rico Department of Transportation and Public Works on December 22, 2006. (Docket Nos. 51-3, 55-2.)

As of November 19, 2006, Meléndez-Febus was in arrears on his payment obligations under the financing agreement. (Docket Nos. 51-10, 55-2.) On March 7, 2007, Toyota Credit addressed a letter to

Meléndez-Febus notifying him that he was in breach of his obligations under the financing agreement. (Docket Nos. 51-7, 55-2.) The letter advised Meléndez-Febus that if he did not cure his breach by making sufficient payments on or before March 16, 2007, Toyota Credit could either accelerate the balance due under the financing agreement or repossess the car. (Id.) After Meléndez-Febus failed to make the demanded payments, Toyota Credit contacted Isla on May 25, 2007, to begin repossession of the car. (Docket Nos. 51-9, 51-10, 55-2.)

On August 20, 2007, Isla attempted to repossess the car. (Docket No. 51-11.) Juarbe-Torres, who worked for Isla, first located the car parked in front of a police station where Meléndez-Febus worked. (Id.) Meléndez-Febus resisted Juarbe-Torres' efforts to repossess the car and drove away.

Later that day, Juarbe-Torres located the car parked in front of Meléndez-Febus' attorney's office in Bayamón and proceeded with repossession. (Docket No. 51-5.) After Isla had sealed the car with stickers denoting that the car was subject to self-help repossession, Meléndez-Febus appeared and engaged in an angry exchange with Juarbe-Torres. (Id.) According to Meléndez-Febus, he demanded access to the car to retrieve his personal effects, but Juarbe-Torres refused. (Id.) Meléndez-Febus claims that he then "stood his ground" behind the tow truck to compel Juarbe-Torres to grant him access to the car. (Id.) According to his response to Toyota Credit's interrogatories, Meléndez-Febus had shouted a warning to the tow truck driver to no

avail, as the tow truck proceeded to drive in reverse over Meléndez-Febus' foot. (Id.) Meléndez-Febus asserts that the tire of the truck momentarily pinned his leg to the ground but that he was able to free himself. (Id.) Having suffered abrasions from the incident, Meléndez-Febus later received treatment at the hospital. (Id.) Juarbe-Torres claims that he did not see Meléndez-Febus being pinned by the tow truck. (Docket No. 69-2.)

On June 30, 2008, Plaintiffs commenced this case in federal district court. (Docket No. 1.) On March 9, 2009, Toyota Credit filed a cross-claim against Isla and Mapfre. (Docket No. 30.) On July 17, 2009, Toyota Credit moved for partial summary judgment against Plaintiffs, Isla, and Mapfre. (Docket No. 50.) Isla and Mapfre opposed on July 31, 2009 (Docket No. 56), and Toyota Credit replied on August 17, 2009 (Docket No. 63). On August 14, 2009, Plaintiffs filed a separate opposition to the motion (Docket No. 62), and Isla and Mapfre responded on August 18, 2009 (Docket No. 64). Toyota Credit filed an amended reply to Plaintiffs' brief on September 2, 2009. (Docket No. 69.)

## II.

### Summary Judgment under Rule 56(c)

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The movant carries the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In evaluating a motion for summary judgment, we view the record in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

"Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must 'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue.'" Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (quoting Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)). The non-movant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### III.

### Analysis

Toyota Credit contends that it is entitled to summary judgment because, inter alia, it is not a "debt collector" under the FDCPA. (Docket No. 50.) We agree and find that Toyota Credit is entitled to judgment as a matter of law.

Under the FDCPA, a debt collector may not "communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency, . . . the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). In addition, "[a] debt collector may not . . . use or threat[en to] use . . . violence or other criminal means to harm the physical person, reputation, or property of any person." Id. § 1692d(1). Furthermore, "[a] debt collector may not . . . [t]ak[e] or threaten[] to take any nonjudicial action to effect dispossession" where the debt collector lacks the legal right to repossession or where it has "no present intention to take possession of the property." Id. § 1692f(6).

A debt collector who runs afoul of the FDCPA may be liable in damages to civil litigants. Id. § 1692k. However, the FDCPA exempts "any person collecting or attempting to collect any debt owed . . . to the extent such activity . . . concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor." Id. § 1692a(6)(F)(iv).

Under Puerto Rico law governing secured transactions, a secured party is a "person in whose favor there is a security interest." 19 L.P.R.A. § 2005(p) (2005). A seller of goods by installment payments takes a "'purchase money security interest' to the extent that it is . . . [t]aken or retained by the seller of the collateral to secure all or part of its price." Id. § 2007(a). For this security interest

to become legally enforceable by attachment, (1) the debtor must "sign[] a security agreement which contains a description of the collateral;" (2) the creditor must give value; and (3) the debtor must have "rights in the collateral." Id. § 2053(1)-(2).

In the case at bar, the parties do not dispute that Toyota Credit had an enforceable security interest in the car. Toyota Credit is owed money arising from its financing agreement with Plaintiffs. (See Docket Nos. 51-2, 55-2.) The financing agreement reasonably describes the nature of the collateral, to wit, the manufacturer, the year the car was made, its model, and its vehicle identification number. (Id.) In return for concluding this contract, Toyota Credit permitted Plaintiffs to use the car subject to the terms of the installment sale, and Plaintiffs took conditional rights of ownership in the car. After Plaintiffs defaulted on payments, Toyota Credit contacted Isla to repossess the car pursuant to the terms of the financing agreement.

In sum, Toyota Credit met all of the requirements necessary to become a secured party under the relevant substantive law by acquiring an enforceable security interest in the car, see 19 L.P.R.A. § 2053(1)-(2), and sought to enforce its security agreement. Accordingly, Toyota Credit is not a "debt collector" and is, thus, exempt from liability under the FDCPA as a matter of law. See 15 U.S.C. § 1692a(6)(F)(iv). Because we rule in favor of Toyota Credit

on this threshold issue, we need not consider its other arguments for partial summary judgment.

As we order summary judgment in favor of Toyota Credit on all federal claims, we decline to exercise supplemental jurisdiction over Plaintiffs' claims under Puerto Rico law against Toyota Credit. See 28 U.S.C. § 1367(c)(3); Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992). For the same reason, we decline to exercise supplemental jurisdiction over Toyota Credit's cross-claims against Isla and Mapfre under Puerto Rico law.

**IV.**

**Conclusion**

Accordingly, we hereby **GRANT** Toyota Credit's motion for partial summary judgment (Docket No. 50). We **DISMISS** Plaintiffs' federal claims against Toyota Credit **WITH PREJUDICE,** and **DISMISS** Plaintiffs' claims against Toyota Credit under Puerto Rico law **WITHOUT PREJUDICE** (Docket No. 1). We **DISMISS** Toyota Credit's cross-claims against Isla and Mapfre **WITHOUT PREJUDICE** (Docket No. 30). We **RETAIN** Plaintiffs' claims against all other Defendants (Docket No. 1) and Isla's third-party complaint against Renegade Towing (Docket No. 21).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of September, 2009.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge